JOSEPH & KIRSCHENBAUM LLP
D. Maimon Kirschenbaum
Josef Nussbaum
32 Broadway, Suite 601
New York, New York 10004
Tel: (212) 688-5640
Fax: (212) 688-2548

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHIL GORDON, individually and on behalf of all others similarly situated, | No.: |
| Plaintiff,<br>v. | CLASS ACTION COMPLAINT |
| BLUETRITON BRANDS, INC., (f/k/a NESTLE WATERS NORTH AMERICA, INC.), | |
| Defendant. | |

Phil Gordon ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.      This lawsuit seeks to recover untimely wage compensation for Plaintiff and similarly situated delivery drivers (collectively, "Manual Workers") who work or have worked as manual workers for BlueTriton Brands, Inc. (formerly known as "Nestle Waters North America Inc. ("NWNA") in New York State. (NWNA and BlueTriton Brands, Inc. are hereinafter referred to as "BTB" or "Defendant").

2.      Headquartered in Stamford, Connecticut, BTB is a beverage wholesaler that sells various water beverages to various retail customers in New York State.

3.      Upon information and belief, BTB operates approximately seven locations in New York State and employs over 300 people in New York State, a majority of whom are Manual Workers.

4.      At all relevant times, Defendant has compensated Plaintiff and all other Manual Workers on a bi-weekly basis.

5.      Despite being Manual Workers, Defendant failed to properly pay Plaintiff and other Manual Workers their wages within seven calendar days after the end of the week in which these wages were earned.

6.      In this regard, Defendant has failed to provide timely wages to, and has taken unlawful deductions from the wages of, Plaintiff and all other similar Manual Workers.

7.      Plaintiff brings this action on behalf of himself and all other similar Manual Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law ("NYLL"), Article 6, §§ 191, 198.

## THE PARTIES

### Plaintiff

8.      Phil Gordon ("Gordon") is an adult individual who is a resident of the State of New York.

9.      Gordon was employed by BTB as a ReadyRefresh Service Representative ("RSR") from approximately September 2018 until approximately June 2020.

10.      In or around June 2020, Gordon was promoted at BTB to the position of Delivery Service Driver ("DSD") and he continued to work as a DSD until approximately June 2021.

11.      Gordon is a covered employee within the meaning of the NYLL.

**Defendant**

12.     BTB (formerly known as Nestle Waters North America, Inc.) is a foreign business corporation organized and existing under the laws of Connecticut.

13.     BTB's principal executive office is located at 900 Long Ridge Road Building #2, Stamford, CT, 06902.

14.     BTB was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiff and similar employees.

15.     BTB has maintained control, oversight, and direction over Plaintiff and similar employees, including timekeeping, payroll, and other employment practices that applied to them.

16.     BTB applies the same employment policies, practices, and procedures to all beverage delivery drivers (including RSRs and DSDs) in its operation, including policies, practices, and procedures with respect to payment of wages.

## JURISDICTION AND VENUE

17.     This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

18.     The great majority, if not all, members of the proposed class are citizens of states different from that of Defendant.

19.     There are over 500 members in the proposed Subclasses.

20.     Defendant is subject to personal jurisdiction in New York.

21.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conducts business in this District.

## <u>NEW YORK CLASS ACTION ALLEGATIONS</u>

22.    Plaintiff brings the First Cause of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and two subclasses of persons consisting of:

A.  All persons who work or have worked as non-commissioned delivery drivers, including RSRs, for BTB in New York State between November 11, 2015 and the date of final judgment in this matter. ("Subclass A")

B.  All persons who work or have worked as commissioned delivery drivers and received commissions, including DSDs, for BTB in New York State between November 11, 2015 and the date of final judgment in this matter. ("Subclass B")

23.    The two subclasses Plaintiff seeks to certify are hereinafter referred to as the "Subclasses."

24.    The members of the Subclasses are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

25.    There are more than one hundred members in each of the Subclasses.

26.    Plaintiff's claims are typical of those claims that could be alleged by any member of the Subclasses ("Subclass Members"), and the relief sought is typical of the relief which would be sought by each member of the respective Subclasses in separate actions.

27.    Plaintiff and the Subclass Members have all been injured in that they have been compensated in an untimely manner due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected everyone in the Subclasses similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Subclasses.

28.     Plaintiff is able to fairly and adequately protect the interests of the Subclasses and has no interests antagonistic to the Subclasses.

29.     Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

30.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendant. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

31.     Common questions of law and fact exist as to the Subclasses that predominate over any questions only affecting Plaintiff and/or each member of the Subclasses individually and include, but are not limited to, whether Defendant compensated Plaintiff and the Subclass Members on a timely basis.

## PLAINTIFF'S FACTUAL ALLEGATIONS

32.     Consistent with its policies and patterns or practices as described herein, Defendant harmed Plaintiff, individually, as follows:

33.     Plaintiff Gordon was employed by BTB as a delivery driver called a "ReadyRefresh Service Representative" ("RSR") from approximately September 2018 until approximately June 2020.

34.     In or around June 2020, Gordon was promoted at BTB and was employed as a Delivery Service Driver ("DSD").

35.     Gordon worked for BTB as a DSD until approximately June 2021.

36.     BTB sells and distributes bottled water to its retail customers throughout New York State.

37.     BTB hires RSRs and DSDs to distribute their products to its retail customers.

38.     RSRs are responsible for delivering BTB's products to retail customers such as small offices and residences.

39.     DSDs are responsible for delivering BTB's products to retail customers such as bodegas and gas stations.

40.     RSRs' entire responsibilities are limited to distributing BTB merchandise to the company's retail customers by driving the merchandise to the customers' locations, unloading the merchandise from the trucks, and physically delivering the merchandise to the customers.

41.     During the time Plaintiff worked as an RSR, he made deliveries to approximately 45-50 different BTB customers each workday.

42.     DSDs' have the same responsibilities as RSRs however they are also tasked with trying to make sales of BTB products to gas stations and bodegas.

43.     Plaintiff estimates that only one in fifteen BTB delivery drivers were classified as DSDs.

44.     Though BTB attempted to incentivize DSDs to make sales, in practice this proved difficult as DSDs were frequently overwhelmed with making deliveries that they could not make any sales.

45.     In fact, in the approximately one year that Plaintiff worked as a DSD, he received only one commission and he was later informed that that commission was paid in error.

46.     In other words, Plaintiff never properly earned a commission while he worked as DSD.

47.     All other BTB delivery drivers were RSRs who were strictly tasked with making deliveries and had no other duties.

48.     During the entirety of the time Plaintiff was employed by BTB, over twenty-five percent of his duties were physical tasks, including but not limited to: (1) unloading goods from trucks; (2) loading goods onto hand trucks to deliver to retail customers; (3) physically delivering the goods to customers; (5) filling up the non-electric trucks with fuel; and (6) driving for long periods of time.

49.     Despite regularly spending more than twenty-five percent of his shift performing these physical tasks, Gordon was compensated by Defendant on a bi-weekly basis.

50.     Thus, for every other workweek, Defendant failed to pay Plaintiff his wages earned within seven days of the end of the workweek, as required by NYLL § 191(1)(a).

51.     Every time that Defendant failed to pay Plaintiff his wages earned within seven days of the end of the workweek, Defendant deprived him of the use of money that belonged to him.  As a result, Plaintiff was unable to do those things that every person does with their money, such as paying bills or buying goods that he needed or wanted to buy.  Moreover, by retaining money that belonged to Plaintiff, Plaintiff lost the time value of money.

52.     For example, for the period beginning on February 14, 2021, and ending February 27, 2021 Plaintiff was paid his lawfully earned wages on March 5, 2021 *See* **Exhibit A**, Gordon Paystub.

53.     In this regard, Defendant failed to pay Gordon his wages earned from February 14, 2021, to February 20, 2021, by February 27, 2021, as required by NYLL § 191(1)(a).

**FIRST CAUSE OF ACTION**
**New York Labor Law – Failure to Pay Timely Wages**
**(Brought on behalf of Plaintiff and the Subclasses)**

54.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

55.     The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiff and the Subclass Members.

56.     Defendant failed to pay Plaintiff and Subclass Members on a timely basis as required by NYLL § 191(1)(a) when they were employed as delivery drivers, including as RSRs.

57.     Due to Defendant's violations of the NYLL, Plaintiff and the Subclass Members are entitled to recover from Defendant the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B.      Designation of Plaintiff as representative of the NY Rule 23 Class and counsel of record as Class Counsel;

C.      Liquidated damages permitted by law pursuant to the NYLL;

D.      Prejudgment and post-judgment interest;

E.      Reasonable attorneys' fees and costs of the action; and

F.      Such other relief as this Court shall deem just and proper.

Dated: New York, New York      Respectfully submitted,
       March 15, 2021         JOSEPH & KIRSCHENBAUM LLP

By:  _/s/ *D. Maimon Kirschenbaum*____
      D. Maimon Kirschenbaum
      Josef Nussbaum
      32 Broadway, Suite 601
      New York, NY 10004
      Tel: (212) 688-5640
      Fax: (212) 688-2548

# EXHIBIT A



**Pay Date: 03/05/2021 - Regular pay**

Nestle Waters North America Inc.
900 Long Ridge Road, Building2
Stamford, CT 06902-1138
1-877-NESCALL

Philip Gordon



| | | | | |
|---|---|---|---|---|
| Employee ID: | 10921043 | | Pay Advice #: | 1092104300089 |
| Base Pay Rate: | $2,442.3100 | | Period Begin Date: | 02/14/2021 |
| Job Title: | ReadyRefresh DSD Service Rep Commission | | Period End Date: | 02/27/2021 |
| | | | Pay Frequency: | Bi-weekly |

| Taxes | State Codes | Marital Status | Allowances | Additional Amounts | Credit for Dependents | Other Income | Deductions |
|---|---|---|---|---|---|---|---|
| Federal | | Single | 0 | | 0.00 | 0.00 | 0.00 |
| Primary State | NY | Single | 0 | | | | |
| Secondary State | | | 0 | | | | |
| Local | | | 0 | | | | |

| Messages | |
|---|---|
| Payroll Area : UB | |

| Gross Pay | This Period | YTD |
|---|---|---|
| Bi-weekly Basic Salary | $2,442.31 | $12,211.55 |
| **Total Gross Pay :** | **$2,442.31** | **$12,211.55** |

| Pre-Tax Deductions | This Period | YTD |
|---|---|---|
| Medical Pre-Tax | $66.67 | $333.35 |
| Dental Pre-Tax | $6.75 | $33.75 |
| Vision Pre-tax | $1.86 | $9.30 |
| HSA EE Pretax | $6.25 | $31.25 |
| 401K EE BT USP1 | $170.96 | $854.80 |
| **Total Pre-Tax Deductions:** | **$252.49** | **$1,262.45** |

| Taxes | This Period | YTD |
|---|---|---|
| FED Withholding Tax | $288.08 | $1,440.40 |
| FED EE Social Security | $146.48 | $732.40 |
| FED EE Medicare Tax | $34.26 | $171.29 |
| NY Withholding Tax | $106.09 | $530.45 |
| NY EE Disability Tax | $1.20 | $6.00 |
| NY EE Family Leave In | $12.07 | $60.36 |
| Yonkers Withholding Tax | $17.77 | $88.85 |
| **Total Taxes :** | **$605.95** | **$3,029.75** |

| After-Taxes Deductions | This Period | YTD |
|---|---|---|
| 401k Short Term Loan | $13.48 | $67.40 |
| Identity Theft Insura | $3.75 | $18.75 |
| LTD | $12.46 | $62.30 |
| Auto/Home Insurance | $388.60 | $1,165.80 |
| Legal Insurance | $9.00 | $45.00 |
| **Total After-Tax Deductions:** | **$427.29** | **$1,359.25** |

| Net Pay | This Period | YTD |
|---|---|---|
| **Total Net Pay :** | **$1,156.58** | **$6,560.10** |

| Other Earnings | This Period | YTD |
|---|---|---|
| Imp Inc Employee Life | 1.81 | 9.05 |

Leave Balance Summary

| Leave Type | Beginning | Earned | Used | Ending |
|---|---|---|---|---|
| Sick Balance | 0.00 | 0.00 | 0.00 | 56.80 |
| Vacation Balance | 0.00 | 0.00 | 0.00 | 80.00 |

| Employer Paid Benefits | This Period | YTD |
|---|---|---|
| 401K ER Ctrb USP1 | $97.69 | $488.45 |
| Medical ER Contribution | $205.50 | $1,027.50 |
| HSA ER Contribution | $0.00 | $525.00 |
| Dental ER Contribution | $9.65 | $48.25 |
| Vision ER Contribution | $0.40 | $2.00 |
| Life ER Contribution | $2.14 | $10.70 |
| AD&D ER Contribution | $0.42 | $2.10 |

| Taxable Wages | This Period | YTD |
|---|---|---|
| FED Wages | $2,191.63 | $10,958.15 |
| FED EE Social Security | $2,362.59 | $11,812.95 |
| FED EE Medicare | $2,362.59 | $11,812.95 |
| NY Wages | $2,191.63 | $10,958.15 |
| NY EE Disability | $240.00 | $1,200.00 |
| NY EE Family Leave In | $2,362.59 | $11,812.95 |
| Yonkers Wages | $2,191.63 | $10,958.15 |

| Summary | Gross Pay | Pre-Tax Deductions | Taxable Wages | Taxes | After Tax Deductions | Net Pay |
|---|---|---|---|---|---|---|
| This Period | $2,442.31 | $252.49 | $2,191.63 | $605.95 | $427.29 | $1,156.58 |
| **YTD** | **$12,211.55** | **$1,262.45** | **$10,958.15** | **$3,029.75** | **$1,359.25** | **$6,560.10** |

Pay Distribution List

| Description | Type | Amount | Account # | Bank |
|---|---|---|---|---|
| Account 2481XXXXXX0 | Checking or Money Market | $1,156.58 | 2481XXXXXX0 | Stride Bank, National Association |