UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
PHIL GORDON, individually and on behalf of all  :
others similarly situated,                      :
                                                :
               Plaintiff,              :
                                                :   Case No. 1:22-cv-02138 (JMF)(VF)
    -against-                                  :
                                                :
BLUETRITON BRANDS, INC. (f/k/a NESTLE           :   **ORAL ARGUMENT**
WATERS NORTH AMERICA, INC.),                    :   **REQUESTED**
                                                :
               Defendants.             :
------------------------------------------------------------- x

# DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

Kelly Cardin, Esq.
Jessica Schild, Esq.
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
599 Lexington Avenue, 17th Floor
New York, NY 10022
(212) 492-2500

*Attorneys for Defendant*

**TABLE OF CONTENTS**

Page

I. PRELIMINARY STATEMENT ........................................................................................1

II. BACKGROUND AND PROCEDURAL HISTORY........................................................2

III. ARGUMENT .....................................................................................................................3

    A. Standard of Review...................................................................................................3

        1. Federal Rules of Civil Procedure 12(b)(1) and (6) ........................................3

        2. Article 6 and Relevant Legal Landscape ........................................................4

    B. Plaintiff Lacks Standing under Article III ................................................................6

        1. Paintiff Concedes He Was Paid All He Was Due, and Cannot Establish Standing by Reference to an Economic Loss. ...............................................7

        2. Pursuant to the Plain Language of 198, Plaintiff Is Not Entitled to Recover Liquidated Damages. .......................................................................7

    C. Plaintiff's Claims Must Be Dismissed Pursuant to Rule 12(b)(6)............................9

        1. Salary Is Not Wages under Section 191 and Plaintiff Cannot State a Claim for Failure to Timely Pay a Salary....................................................................9

        2. Plaintiff Fails to State a Claim Because NYLL Section 191 Does Not Contain a Private Right of Action .................................................................12

            a. Vega Was Wrongly Decided and There Can Be No Express Private Right of Action For an Untimely Payment ...................................................12

            b. Section 191 Does Not Contain an Implied Private Right of Action .......13

IV. CONCLUSION................................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alaska Elec. Pension Fund v. Bank of Am. Corp.*,
  175 F. Supp. 3d 44 (S.D.N.Y. 2016) ................................................................................... 7

*Arciello v. Cty. of Nassau*,
  No. 16-cv-3974, 2019 U.S. Dist. LEXIS 161167 (E.D.N.Y. Sept. 20, 2019) ..................... 5

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................................ 4

*Bright Homes v. Wright*,
  8 N.Y.2d 157, 203 N.Y.S.2d 67 (1960) .............................................................................. 8

*Broder v. Cablevision Sys. Corp.*,
  418 F.3d 187 (2d Cir. 2005) .............................................................................................. 12

*Cochran v. A. S. Baker Co.*,
  30 Misc. 48 (Sup. Ct. N.Y. Cty. 1899) .............................................................................. 11

*Coley v. Vanguard Urban Improvement Ass'n, Inc.*,
  No. 12-CV-5565, 2018 U.S. Dist. LEXIS 50787 (E.D.N.Y. Mar. 27, 2018) ..................... 5

*Corley v. United States*,
  556 U.S. 303 (2009) .......................................................................................................... 10

*Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*,
  790 F.3d 411 (2d Cir. 2015) ................................................................................................ 9

*Cruz v. TD Bank, N.A.*,
  22 N.Y.3d 61, 979 N.Y.S.2d 257 (2013) .......................................................................... 15

*DiBella v. Hopkins*,
  403 F.3d 102 (2d. Cir. 2005) ............................................................................................. 12

*Frasier v. General Elec. Co.*,
  930 F.2d 1004 (2d Cir. 1991) .............................................................................................. 4

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. Inc.*,
  528 U.S. 167 (2000) ............................................................................................................ 6

*Heiko v. FDIC*,
  No. 93 Civ. 8638, 1995 U.S. Dist. LEXIS 3407 (S.D.N.Y. Mar. 17, 1995) ..................... 10

*Hunter v. Planned Bldg. Servs., Inc.*,
    2018 N.Y. Slip Op. 31541[U](Trial Order) (Queens Cty. Sup. Ct., June 11,
    2018) ................................................................................................................................5

*Hussain v. Pak. Int'l Airlines Corp.*,
    No. 11-CV-932, 2012 U.S. Dist. LEXIS 152254 (E.D.N.Y. Oct. 23, 2012) ............................5

*IKEA U.S. v. Indus. Bd. of Appeals*,
    241 A.D.2d 454 (2d Dep't 1997) ..........................................................................................5

*Jaghory v. N.Y. State Dep't of Educ.*,
    131 F.3d 326 (2d Cir. 1997) ..................................................................................................7

*John Wiley & Sons, Inc. v. DRK Photo*,
    882 F.3d 394 (2d Cir. 2016) ................................................................................................10

*Katz v. Donna Karan Int'l, Inc.*,
    No. 14 Civ. 740, 2017 U.S. Dist. LEXIS 75299 (S.D.N.Y May 17, 2017),
    *aff'd*, 872 F.3d 114 (2d Cir. 2017) .........................................................................................7

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992) ..............................................................................................................3

*Mahon v. Ticor Title Ins. Co.*,
    683 F.3d 59 (2d Cir. 2012) ....................................................................................................3

*Maloney v. Rincon*,
    153 Misc. 2d 162, 581 N.Y.S.2d 120 (Civ. Ct. Queens Cty. 1992) ........................................8

*Marcus Assoc. v. Town of Huntington*,
    45 N.Y.2d 501, 410 N.Y.S.2d 546 (1978) .............................................................................8

*New York Central & H.R.R.R. Co. v. Williams*,
    64 Misc. 15 (Sup. Ct. Albany Cty. 1909), *aff'd.* 136 App. .....................................................11

*People v. Boothe*,
    16 N.Y.3d 195, 919 N.Y.S.2d 498 (2011) .............................................................................8

*People v. Vetri*,
    309 N.Y. 401 (1955) ............................................................................................................11

*Phillips v Max Finkelstein, Inc.*,
    115 N.Y.S.3d 866 (Sup. Ct. Suffolk Cty. 2019) ....................................................................5

*Sarmiento Perez v. Comhar Group LLC*,
    No. 19-CV-0964, 2020 U.S. Dist. LEXIS 41771 (E.D.N.Y. Mar. 6, 2020) ............................6

*Sheppard v. Beerman*,
    18 F.3d 147 (2d Cir. 1994) ............................................................................................... 4

*Spokeo, Inc. v. Robins*,
    136 S. Ct. 1540 (2016) ........................................................................................... 6, 7, 9

*Matter of Stryker*,
    158 N.Y. 526 (1899) ...................................................................................................... 11

*TransUnion LLC v. Ramirez*,
    141 S.Ct. 2190 (2021) ..................................................................................................... 3

*TRW Inc. v. Andrews*,
    534 U.S. 19 (2001) ........................................................................................................ 11

*Vega v. CM and Associates Construction Management, LLC*,
    175 A.D.3d 1144, 107 N.Y.S.3d 286 (1st Dep't 2019) .................................................... *passim*

*W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*,
    549 F.3d 100 (2d Cir. 2008) ............................................................................................ 3

*Williams v. AGK Communications, Inc.*,
    143 Misc.2d 845, 542 N.Y.S.2d 122 (Sup. Ct. Onondaga Cty. 1989) .......................... 11

**Statutes**

N.Y. Lab. Law § 190 .............................................................................................. 4, 10, 11

N.Y. Lab. Law §191(1)(a)(i) .............................................................................................. 7, 9

N.Y. Lab. Law § 191(c) .......................................................................................................... 10

N.Y. Lab. Law § 197 .................................................................................................... 4, 5, 14

N.Y. Lab. Law § 198(1-a) ............................................................................................ *passim*

N.Y. Lab. Law § 218 .......................................................................................................... 4, 14

**Other Authorities**

Merriam-Webster's Collegiate Dictionary 1364 [11th ed 2012] ............................................ 5, 12

Defendant BlueTriton Brands, Inc. (f/k/a Nestle Waters North America, Inc.) ("BlueTriton" or "Defendant") respectfully submits this memorandum of law in support of its motion, pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure, to dismiss the Complaint in its entirety.

## I.    PRELIMINARY STATEMENT

Plaintiff Phil Gordon ("Gordon" or "Plaintiff"), a former BlueTriton bottled water delivery service driver and sales representative, brings this lawsuit on behalf of himself and all other similarly-situated current and former delivery drivers. Plaintiff's sole count is for violation of New York Labor Law ("NYLL") § 191, whereby he alleges that he was a manual worker and should have been paid on a weekly, rather than bi-weekly, basis. Plaintiff concedes he was paid; his claim is merely that he was paid a week late. His Complaint, which is premised on a poorly reasoned and wrongly decided 2019 First Department decision, *Vega v. CM and Associates Construction Management, LLC*, 175 A.D.3d 1144, 107 N.Y.S.3d 286 (1st Dep't 2019), comes up short in substance.

As an initial matter, Plaintiff lacks standing under Article III because he has no injury that could be remedied in this suit. Plaintiff does not seek lost wages; rather, he seeks to recover a penalty in the form of liquidated damages. Yet, applying the reasoning of *Vega* and the plain language of the NYLL, his liquidated damages must be calculated as $0. Pursuant to the NYLL, liquidated damages are calculated as an "additional amount . . . equal to one hundred percent of the total amount of the wages found to be due." N.Y. Lab. Law § 198(1-a). Here, there is no dispute that Plaintiff, who admits he was paid in full, is "due" nothing. Thus, liquidated damages must also be calculated as nothing because, of course, 100% of $0 is $0. Without any actual injury for which this Court could provide redress, he lacks standing under Article III, and his Complaint must be dismissed for want of subject matter jurisdiction.

Moreover, Plaintiff was paid a salary throughout his employment. Section 191, however, uses "wages" and "salary" to mean different things, and there is only a cause of action related to § 191 for untimely payment of "wages" – there is no similar cause of action for untimely payment of "salary." Thus, Plaintiff cannot state a claim for violations of § 191, and his Complaint should be dismissed in its entirety.

Gordon's claim should also be dismissed for failure to state a claim because there is no express or implied private right of action for violations of § 191. Section 198(1-a) by its terms does not create an express private right of action for an untimely payment, it only creates such a right for an "underpayment". Similarly, Gordon cannot satisfy the three-prong *Sheehy* test for assessing whether an implied private right of action exists for violations of § 191 because the legislature did not intend to create a private right of action.

For these reasons and the additional reasons set forth herein, BlueTriton requests that Plaintiff's Complaint be dismissed in its entirety.

## II.   BACKGROUND AND PROCEDURAL HISTORY

Plaintiff commenced employment with BlueTriton as a ReadyRefresh Service Representative ("RSR") in New York in or around September 2018.[1] (Compl. ¶ 9.) In or around June 2020, Plaintiff worked as a Delivery Service Driver ("DSD") until approximately June 2021. (*Id.* ¶ 10.) At all relevant times during his employment, Plaintiff was paid a salary, and he was compensated on a bi-weekly basis. (*Id.* ¶¶ 49, 52, Exhibit A.) Plaintiff concedes that he was paid all earnings he was owed. (*Id.* ¶¶ 49 52, Exhibit A.) He merely claims that he was paid late (i.e., bi-weekly instead of weekly). (*Id.* ¶¶ 49, 52.)

---

[1] Defendant states the facts as alleged in Plaintiff's Complaint and in the light most favorable to Plaintiff for the purposes of this Motion only. Defendant in no way waives its right to present different facts or arguments at later stages of the proceedings.

2

Plaintiff commenced this action on March 15, 2022, and filed a corrected Complaint on March 23, 2022, alleging a single count for failure to pay timely wages in violation of the New York Labor Law ("NYLL") on behalf of himself and two subclasses. (Dkt. 10.) The two subclasses consist of: (1) non-commissioned delivery drivers, including RSRs in New York between November 11, 2015 and the date of final judgment ("Subclass A"); and (2) commissioned delivery drivers, including DSDs in New York between November 11, 2015 and the date of final judgment ("Subclass B"). (Compl. ¶ 22.) Plaintiff seeks to recover liquidated damages. (*Id.* ¶ 57.) Defendant now moves to dismiss the Complaint in its entirety.

### III.     ARGUMENT

**A.     Standard of Review**

**1.     Federal Rules of Civil Procedure 12(b)(1) and (6)**

A complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) where a plaintiff lacks Article III standing. *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012). For plaintiffs to have standing, they must establish a concrete injury in fact – that is, "physical, monetary, or cognizable intangible harm[s] traditionally recognized as providing a basis for a lawsuit in American courts." *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190, 2206, (2021). If plaintiffs are unable to show that a favorable decision could redress their injuries, i.e. that there is a "non-speculative likelihood that the injury can be remedied by the requested relief" the complaint will be dismissed for lack of standing under Article III. *See W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 106-07 (2d Cir. 2008). Plaintiffs bear the burden of establishing standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

Where a complaint fails to state a claim, it must be dismissed pursuant to Rule 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quotation

3

marks and citations). Dismissal is warranted when, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. *See Frasier v. General Elec. Co.*, 930 F.2d 1004, 1007 (2d Cir. 1991); *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994) (stating that motions to dismiss under Rule 12(b)(6) are granted only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

### 2. Article 6 and Relevant Legal Landscape

Article 6 of the New York Labor Law, § 190 *et seq.* ("Article 6") governs the payment of wages, and § 191 governs pay frequency requirements for certain categories of employees. With respect to "manual workers," it provides:

> [a] manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned . . . . .

A "manual worker" is defined as "a mechanic, workingman or laborer." N.Y. Lab. Law § 190(4).

Section 191 does not contain a private right of action. However, § 197 permits the New York State Department of Labor Commissioner to assess a penalty of $500 for a pay frequency violation,[2] and § 218 permits the Commissioner to assess penalties, after an administrative proceeding, in an amount between $1,000-$3,000.[3] For decades, New York state and federal courts consistently (and correctly) held that a mere pay frequency violation, without any actual

---

[2] N.Y. Lab. Law § 197: "Any employer who fails to pay the wages of his employees or shall differentiate in rate of pay because of protected class status, as provided in this article, shall forfeit to the people of the state the sum of five hundred dollars for each such failure, to be recovered by the commissioner in any legal action necessary, including administrative action or a civil action."

[3] N.Y. Lab. Law § 218(1): "Where the violation is for a reason other than the employer's failure to pay wages, benefits or wage supplements found to be due, the order shall direct payment to the commissioner of a civil penalty in an amount not to exceed one thousand dollars for a first violation, two thousand dollars for a second violation or three thousand dollars for a third or subsequent violation."

underpayment of the wages, did not trigger a private right to damages under Article 6.[4] Rather, it was understood that any penalty for untimely wages was to be assessed solely by the Commissioner pursuant to §§ 197 or 218.

*Vega v. CM & Assoc. Constr. Mgmt., LLC*, upended this scheme in September 2019. 175 A.D.3d at 1145-46, 107 N.Y.S.3d at 288. In *Vega*, the plaintiff sought to collect liquidated damages for a violation of the manual worker pay frequency requirement in § 191(a), arguing that she should be able to assert a private cause of action pursuant to N.Y. Lab. Law § 198(1-a). *Id.* That section provides an employee may recover damages for an "underpayment" of wages, plus attorneys' fees and "an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due[.]" N.Y. Lab. Law § 198(1-a).

In finding the plaintiff could state a claim, the First Department – relying on little more than Merriam-Webster[5] – construed late wages as an "underpayment," to put it within the purview of § 198(1-a) and concluded that plaintiff could state a cause of action for an alleged violation of § 191. *Vega*, 175 A.D.3d at 1146, 107 N.Y.S.3d at 288 (holding that "Labor Law § 198 (1-a) expressly provides a private right of action for a violation of Labor Law § 191"). In reaching this decision, the First Department does not to appear to have considered the long line

---

[4] *See Phillips v Max Finkelstein, Inc.*, 115 N.Y.S.3d 866, 869 (Suffolk Cty. Sup. Ct. 2019); *Hunter v. Planned Bldg. Servs., Inc.*, 2018 N.Y. Slip Op. 31541[U](Trial Order) (Queens Cty. Sup. Ct., June 11, 2018) (mere frequency of pay violation, without an actual underpayment, does not trigger the damages provision of Section 198); *IKEA U.S. v. Indus. Bd. of Appeals*, 241 A.D.2d 454, 455 (2d Dep't 1997) (NYSDOL Commissioner assessed only a fine for violation of Section 191; there was no finding that the wages paid bi-weekly was an "underpayment" and liquidated damages were not assessed); *Hussain v. Pak. Int'l Airlines Corp.*, No. 11-CV-932, 2012 U.S. Dist. LEXIS 152254, at *8 (E.D.N.Y. Oct. 23, 2012) (dismissing frequency of pay claim because "[the New York Labor Law] contains no provision for private recovery for violations of its provisions regarding frequency of pay . . . ."); *Arciello v. Cty. of Nassau*, No. 16-cv-3974, 2019 U.S. Dist. LEXIS 161167, *22 (E.D.N.Y. Sept. 20, 2019) (dismissing Section 191 claim because Section 198 does not provide a remedy for the failure to timely pay wages); *Coley v. Vanguard Urban Improvement Ass'n, Inc.*, No. 12-CV-5565, 2018 U.S. Dist. LEXIS 50787 (E.D.N.Y. Mar. 27, 2018) ("The NYLL does not appear to provide" private recovery for Section 191 violations).

[5] *Vega*, 175 A.D.3d at 1145, 107 N.Y.S.3dat, 288 ("The word underpayment is the noun for the verb underpay; underpay is defined as 'to pay less than what is normal or required' (Merriam-Webster's Collegiate Dictionary 1364 [11th ed 2012]). The moment that an employer fails to pay wages in compliance with section 191 (1) (a), the employer pays less than what is required.").

5

of authority contradicting its holding.[6] Additionally, *Vega* did not establish the appropriate way to calculate damages for a violation of § 191. *Vega* merely holds that a plaintiff can state a private right of action for a technical violation of the pay frequency law.

*Vega* also noted that an employer can raise payment as a defense to the underpayment claim, meaning that if the employer can establish that the late wages were paid (albeit untimely), a plaintiff will not recover an award of damages for the "underpayment." *Vega*, 175 A.D.3d at 1145, 107 N.Y.S.3d at 288 ("The employer may assert an affirmative defense of payment if there are no wages for the "employee to recover" (Labor Law § 198 [1-a])."); *see also Sarmiento Perez v. Comhar Group LLC*, No. 19-CV-0964, 2020 U.S. Dist. LEXIS 41771, at *18 (E.D.N.Y. Mar. 6, 2020) (noting that "[D]ouble recovery of the same wages and related damages is not permitted.").

### B. Plaintiff Lacks Standing under Article III

To satisfy his standing requirement under Article III, Plaintiff must allege that "(1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. Inc.*, 528 U.S. 167, 180-81 (2000). An injury is "concrete" if it is "*de facto*"; that is, it must actually exist, and cannot be "abstract." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). Indeed, in order for the harm to be considered an "actual" injury, a decision in Plaintiff's favor must provide redress for the injury. *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). Because

---

[6] *See* supra, fn 4.


of authority contradicting its holding.[6] Additionally, *Vega* did not establish the appropriate way to calculate damages for a violation of § 191. *Vega* merely holds that a plaintiff can state a private right of action for a technical violation of the pay frequency law.

*Vega* also noted that an employer can raise payment as a defense to the underpayment claim, meaning that if the employer can establish that the late wages were paid (albeit untimely), a plaintiff will not recover an award of damages for the "underpayment." *Vega*, 175 A.D.3d at 1145, 107 N.Y.S.3d at 288 ("The employer may assert an affirmative defense of payment if there are no wages for the "employee to recover" (Labor Law § 198 [1-a])."); *see also Sarmiento Perez v. Comhar Group LLC*, No. 19-CV-0964, 2020 U.S. Dist. LEXIS 41771, at *18 (E.D.N.Y. Mar. 6, 2020) (noting that "[D]ouble recovery of the same wages and related damages is not permitted.").

### B. Plaintiff Lacks Standing under Article III

To satisfy his standing requirement under Article III, Plaintiff must allege that "(1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. Inc.*, 528 U.S. 167, 180-81 (2000). An injury is "concrete" if it is "*de facto*"; that is, it must actually exist, and cannot be "abstract." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). Indeed, in order for the harm to be considered an "actual" injury, a decision in Plaintiff's favor must provide redress for the injury. *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). Because

---

[6] *See* supra, fn 4.

Gordon has not alleged an actual injury that could be remedied by the Court, he lacks standing to bring this lawsuit. *Id.*

### 1. Paintiff Concedes He Was Paid All He Was Due, and Cannot Establish Standing by Reference to an Economic Loss.

Plaintiff has not alleged any economic loss. He does not claim he is due any payments; he concedes he was paid all earnings he was due. (Compl. ¶¶ 52, 57, Exhibit A.) Thus, he cannot establish standing by reference to past due earnings. *See Katz v. Donna Karan Int'l, Inc.*, No. 14 Civ. 740, 2017 U.S. Dist. LEXIS 75299 (S.D.N.Y May 17, 2017) (finding a lack of standing where plaintiff sought only statutory damages and there was no claim of actual economic loss or harm), *aff'd*, 872 F.3d 114 (2d Cir. 2017); *see also Spokeo, Inc.* 136 S. Ct. at 1549 (the availability of statutory damages, without any injury, does not automatically confer standing).[7]

### 2. Pursuant to the Plain Language of 198, Plaintiff Is Not Entitled to Recover Liquidated Damages.

Nor can he establish standing by reference to his claim for liquidated damages. Section 191 mandates that all "manual workers" be paid weekly and "not later than seven calendar days after the end of the week in which the wages are earned" N.Y. Lab. Law §191(1)(a)(i). The calculation of liquidated damages is proscribed by 198(1-a), which provides:

> In any action instituted in the courts upon a wage claim by **an employee** . . . **in which the employee prevails**, the court **shall allow such employee to recover the full amount of any underpayment,** all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law**, an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due**.

---

[7] Nowhere does Plaintiff allege that he was "paid more than [he] should have (or [was] paid less than [he] should have been)." *See Alaska Elec. Pension Fund v. Bank of Am. Corp.*, 175 F. Supp. 3d 44, 53 (S.D.N.Y. 2016). Nor can he. Without any actual injury for which a court can remedy, Plaintiff's claims are over before they even begin.

N.Y. Lab. Law § 198(1-a). Thus, where there is no amount of wages "due," liquidated damages must be calculated as $0.

Here, Gordon concedes he was paid all he was due; the only claim is that he was paid a week late. Thus, if the case were ever tried, the amount Gordon could recover for the "underpayment" is $0. This is not in dispute. Applying the plain language of the statute and basic math, if a court tried to award "an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due," the Court would have to award $0.

To the extent Plaintiff attempts to argue that *Vega* contemplates this situation and says that liquidated damages are still available,[8] he is correct in form only. Again, the holding of *Vega* is merely that an employee can assert a private cause of action for late payment of wages. Nothing in the decision undoes the plain application or language of § 198(1-a), nor could it. It is well-settled "that courts are not to legislate under the guise of interpretation[,]" even if it is in an attempt to remedy a perceived "statutory infirmity." *People v. Boothe*, 16 N.Y.3d 195, 198, 919 N.Y.S.2d 498, 500 (2011); *see also Bright Homes v. Wright*, 8 N.Y.2d 157, 162, 203 N.Y.S.2d 67, 70 (1960); *Marcus Assoc. v. Town of Huntington*, 45 N.Y.2d 501, 506, 410 N.Y.S.2d 546, 548 (1978) ("But in scrutinizing a particular piece of legislation, courts must pay heed to their limited role, and scrupulously avoid entering into the legislative realm under the guise of constitutional interpretation."); *Maloney v. Rincon*, 153 Misc. 2d 162, 165, 581 N.Y.S.2d 120, 123 (Civ. Ct. Queens Cty. 1992) ("Statutory interpretation should not be an exercise in wishful thinking or an excuse for a court to rewrite what it perceives as a legislative error."). Applying

---

[8] "However, payment does not eviscerate the employee's statutory remedies." *Vega*, 175 A.D.3d at 1145, 107 N.Y.S.3d at 288.

8

the plain language of § 198(1-a) compels the conclusion that Gordon stands to recover nothing in liquidated damages for the untimely payment, and no court can change this result.

Plaintiff's failure to establish that he has suffered an injury in fact sufficient to satisfy Article III standing necessitates the dismissal of his Complaint here. *See Spokeo, Inc.*, 136 S. Ct. at 1547; *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 416-17 (2d Cir. 2015) ("A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court 'lacks the statutory or constitutional power to adjudicate it.'").

### C. Plaintiff's Claims Must Be Dismissed Pursuant to Rule 12(b)(6)

Even if Gordon can establish standing under Article III, and he cannot, the Complaint must be dismissed for two additional and independent reasons: (1) Gordon was paid a salary, not wages, and thus he cannot state a claim under § 191 because there is no cognizable pay frequency claim for failure to timely pay a salary; and (2) Gordon's claim fails because there is no express or implied private right of action for an untimely payment under § 191.

#### 1. Salary Is Not Wages under Section 191 and Plaintiff Cannot State a Claim for Failure to Timely Pay a Salary

In addition to lacking standing, Plaintiff has failed to state a claim under § 191 of the NYLL because he was not paid "wages." There is no cognizable pay frequency claim for failure to timely pay a "salary," and thus dismissal is also proper pursuant to Rule 12(b)(6).

Section § 191(1)(a) mandates that all "manual workers" be paid weekly and "no later than seven calendar days after the end of the week in which the *wages* are earned" N.Y. Lab. Law §191(1)(a)(i) (emphasis added). Section 191, which uses the terms "wages" and "salary" to mean different things, compels the finding that "wages" does not mean "salary." If the legislature intended "wages" to include "salary" for the purpose of pay frequency it would have used the

9

words interchangeably, but it did not. Section 191(c) states that a commission salesperson "shall be paid the *wages*, *salary*, drawing account, commissions and all other monies earned or payable." N.Y. Lab. Law § 191(c) (emphasis added). It is axiomatic that statutes should not be interpreted so as to render a provision superfluous or redundant. *Heiko v. FDIC*, No. 93 Civ. 8638, 1995 U.S. Dist. LEXIS 3407 (S.D.N.Y. Mar. 17, 1995); *Corley v. United States*, 556 U.S. 303, 314 (2009) ("[O]ne of the most basic interpretive canons [is] that a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant."). Section 191(c) uses both "wages" and "salary" – showing that the legislature understood them to be different things – and there is no cognizable claim for untimely payment of a "salary" under § 191(1)(a).[9]

Section 191(1)(a) only speaks to "wages"; there is no reference to "salary" as there is in § 191(c). Where a statute specifically enumerates certain items, words not listed must be excluded. *See John Wiley & Sons, Inc. v. DRK Photo*, 882 F.3d 394 (2d Cir. 2016) (explaining the "expressio unius est exclusio alterius" canon, which suggests that expression of one or several items in enumerated list signals intent to exclude another left unmentioned.) (quotations omitted). Indeed, § 191 lists the word "salary" **four** separate times. However, the word salary **does not** appear once in § 191(1)(a). If the legislature intended "salary" to be covered by § 191(1)(a), it would have included the word "salary" in § 191(1)(a) (like it did in § 191(c)), but it did not.[10]

---

[9] Wages is defined in § 190 as "the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis." N.Y. Lab. Law § 190.

[10] To the extent Plaintiff claims that his salary constitutes "earnings . . . for labor or services rendered", he once again fails to appreciate the tenets of basic statutory construction discussed herein, picking and choosing words without taking into consideration the statute as a whole, as he must do. *See id.*; *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001).

This conclusion is further supported by the fact that "wages" are generally considered compensation for "menial" jobs, whereas "salary" is a "fixed compensation for more important services." *Williams v. AGK Communications, Inc*., 143 Misc.2d 845, 849, 542 N.Y.S.2d 122, 125 (Sup. Ct. Onondaga Cty. 1989); *Matter of Stryker*, 158 N.Y. 526 (1899). Plaintiff, who was not only responsible for delivering product, but also making sales, did not perform "menial" work. *Matter of Stryker*, 158 N.Y. at 528. The concerns that § 191 was designed to protect – securing prompt payment of wages for individuals who are dependent upon their earnings for the support of themselves and their families – are not implicated here.[11]  Gordon earned upwards of $60,000. (Compl., Exhibit A.); *see also People v. Vetri*, 309 N.Y. at 405.  In construing the prior history of the statute, courts have held:

> . . . it was only intended to prefer 'wages,' not salaries, nor earnings, nor compensation; and the court add, 'This word (wages) is applied in common parlance specifically to the payment made for manual labor, or other labor of menial or mechanical kind, as distinguished from salary and from fee, which denotes compensation paid to professional men. * * * It was not the purpose of the statute to secure a preference for claims due to the clerical force engaged in transacting the business, nor to the superintendent, foreman or officers of the corporation who are compensated at a fixed yearly salary. * * * the purpose was to protect mechanics, operatives or laborers from loss of their wages in the event of the insolvency of the corporation . . .

*Cochran v. A. S. Baker Co*., 30 Misc. 48, 49-50 (Sup. Ct. N.Y. Cty. 1899) (quoting *Matter of Stryker*, 158 N.Y. 526).

Reading § 191 as a whole, as the Court must do, the only plausible conclusion is that "salary" and "wages" are two distinct terms with differing meanings. Because Plaintiff was not

---

[11] The object of former §196 was to compel prompt payment of daily wages to the "small wage earner." *People v. Vetri*, 309 N.Y. 401 (1955). Indeed, courts have made clear that § 196 of the Labor Law was a police power regulation intended for the protection of those who are dependent upon their wages for sustenance. *See New York Central & H.R.R.R. Co. v. Williams*, 64 Misc. 15, 27, 28 (Sup. Ct. Albany Cty. 1909), *aff'd*. 136 App. Div. 904 (3d Dep't 1909), *aff'd*, 199 N.Y. 108 (N.Y. 1910).

paid "wages", he is not covered by the weekly pay frequency requirements of § 191(1)(a) and his claim must be dismissed.

### 2. Plaintiff Fails to State a Claim Because NYLL Section 191 Does Not Contain a Private Right of Action

The Complaint must also be dismissed because Plaintiff fails to state a private right of action for violations of § 191. While federal courts must generally follow the state law decisions of state intermediate appellate courts, they are not strictly bound if there exists persuasive data establishing that the highest court of the state would decide otherwise. *See Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 199-200 (2d Cir. 2005); *see also DiBella v. Hopkins*, 403 F.3d 102, 112 (2d. Cir. 2005) ("[R]ulings from [state intermediate appellate courts] are a basis for 'ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.'") Here, there is no doubt that, once presented with the issue *de novo*, the Court of Appeals will find there is no express or implied private right of action for violations of NYLL § 191.

#### a. Vega Was Wrongly Decided and There Can Be No Express Private Right of Action For an Untimely Payment

It is hard to imagine a decision that got it more wrong than the First Department's three-page decision in *Vega*. Indeed, *Vega* cut against decades of precedent in New York which held the opposite – i.e., that § 191 does not create a private right of action affording damages absent an actual underpayment of wages. In so doing, *Vega* interpreted underpayment to include payments that were "untimely", based purely on a dictionary definition that makes no mention of timing.[12] Section 198(1-a) itself limits private rights of action to instances of "underpayments."

---

[12] Underpay is defined as "to pay less than what is normal or required." *See* Merriam-Webster's Collegiate Dictionary 1364 [11th ed 2012]; *Vega*, LLC, 175 A.D.3d 114, 107 N.Y.S.3d 286. Nowhere in the dictionary definition of "underpay" cited by *Vega* is there a mention of or reference to the "timing" of the alleged payment.

12

As explained above, damages are limited to circumstances where the employee did not receive their complete earnings, meaning that a violation for § 191 without an underpayment does not trigger damages under § 198. The legislature could have enacted a broader scheme if it intended to create a private right of action for technical violations of § 191 – or used the phrase "untimely payment" in § 198(1-a) – but it did not. Rather, it chose to limit private actions to "underpayments", as distinct from technical violations of the statute.

The mere fact that other courts have followed *Vega* is of no moment. What remains is clear; the holding of *Vega* (and subsequent courts' failure to simply apply the plain language of the statute) flies in the face of the most fundamental principles of statutory interpretation. A strict reading of the applicable provisions compels the conclusion here – that § 191 does not create a private right of action for payments that were paid in full, but late. Accordingly, Plaintiff fails, as a matter of law, to state a claim for relief under NYLL § 191 and his claim must be dismissed.

### b. Section 191 Does Not Contain an Implied Private Right of Action

Similarly, Gordon's claims fall because the legislative intent of § 191 does not favor an implied private right of action. In *Konkur v. Utica Acad. of Sci. Charter Sch.*, decided approximately two months ago, the Court of Appeals declined to find a private right of action under a similar provision of Article 6 of the NYLL. 2022 NY Slip Op 00911, ¶ 2 (Feb. 10, 2022). In so doing, the Court restated that private rights of action under Article 6 are not to be presumed and can be found "***only*** if a legislative intent to create such a right of action is fairly implied in the statutory provisions and their legislative history." *Id.* To determine that no such implied right of action exists with respect to § 198-b, as the Court did in *Konkur*, the three-factor

*Sheehy* test must be applied.[13] Applying the *Sheehy* factors to § 191, the same conclusion that was reached in *Konkur*, must be reached here, i.e., that no private right of action exists, because a private right of action does not promote the legislative purpose or scheme of Article 6. Notably, the First Department in *Vega* did not go through the exercise of applying these factors in any detail.

Gordon will not be able to satisfy the *Sheehy* test. As to the first factor, Gordon, a skilled worker earning over $60,000 per year is certainly not the type of menial laborer the statute was designed to protect. Indeed, the statute could not possibly have been enacted for his benefit because as explained supra, he was paid a salary and is not covered under § 191. The second factor fairs no better. The legislature certainly did not intend the statute to provide a remedy to allow workers to obtain a windfall and collect liquidated damages on wages already paid. Again, it is clear from the language of the statute itself that private rights of action are limited to instances of "underpayments", which is what the legislature intended. There is no doubt a private right of action would not promote the legislative purpose, particularly here, where penalties for such technical violations already exist.

Gordon will also not be able to satisfy the third, and most important factor of the *Sheehy* test because a "private right of action should not be judicially sanctioned if it is incompatible with the enforcement mechanism chosen by the Legislature." *Id.* By its terms, the legislature expressly authorized the Commissioner to issue civil penalties pursuant to N.Y. Lab. Law §§ 197 and 218 for pay frequency violations.[14] Since its inception, (and previous iterations), the statute

---

[13] The test queries: "(1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the legislative purpose; and (3) whether creation of such a right would be consistent with the legislative scheme." *Id.*

[14] The legislature made clear that penalties under N.Y. Lab. Law §§ 197 and 218 encompassed any violations of Article 6 related to wage payments. *See* N.Y. Lab. Law § 197 (civil penalties where employer fails to pay wages "as

14

has established this plenary enforcement mechanism. Because the statutory scheme expressly provides for a penalty to be assessed solely by the Commissioner, "indicating that the legislature considered how best to effectuate its intent and provided the avenues for relief it deemed warranted", this Court cannot plausibly find the existence of another mechanism for enforcement via a private right of action. *See Cruz v. TD Bank, N.A.*, 22 N.Y.3d 61, 70, 979 N.Y.S.2d 257, 262 (2013). Absent a private right of action, the Complaint must be dismissed.

### IV.   CONCLUSION

For each of the foregoing reasons, Defendant respectfully requests that the Court dismiss the Complaint with prejudice in its entirety, and award to Defendant such other and further relief as it deems just and proper.

Dated:  New York, New York
            May 6, 2022

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.

By:      *s/ Kelly M. Cardin*
        Kelly M. Cardin
        Jessica R. Schild
599 Lexington Avenue, 17th Floor
New York, NY  10022
(212) 492-2500
kelly.cardin@ogletree.com
jessica.schild@ogletree.com

*Attorneys for Defendant*

---

provided in this article") (emphasis added); *Id.* § 218 (civil penalties where "employer has violated a provision of article six").