**Ogletree Deakins**

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*Attorneys at Law*

599 Lexington Avenue, 17th Floor
New York, New York 10022
Telephone: 212.492.2500
Facsimile:  212.492.2501
www.ogletreedeakins.com

Kelly M. Cardin
203-969-3109
klely.cardin@ogletree.com

June 21, 2022

**VIA ECF**
The Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square
New York, NY  10007

      Re:      *Phil Gordon v. BlueTriton Brands, Inc.*
                    Case No. 1:22-cv-02138

Dear Judge Furman:

      We represent defendant BlueTriton Brands, Inc. (formerly known as Nestle Waters North America, Inc.) ("BlueTriton") in the above-referenced action.  In accordance with Local Civil Rule 37.2, and Rule 2.E of Your Honor's Individual Rules and Practices, we respectfully write to request an informal conference regarding BlueTriton's motion to stay all discovery in this matter pending resolution of BlueTriton's Motion to Dismiss filed on May 6, 2022 (the "Motion") [Dkt. Nos. 19-20].[1]

### I.    Good Cause Exists to Stay Discovery

      Pursuant to Fed. R. Civ. P. Rule 26(c), courts have "discretion to stay discovery for good cause, and . . . good cause may be shown where a party has filed . . . a dispositive motion." *See Barnes v. Smith,* No. 12 Civ. 1916 (PKC)(RLE), 2013 U.S. Dist. LEXIS 12616, at *1-2 (S.D.N.Y. Jan. 17, 2013). In determining whether to stay discovery, courts consider: "1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; 2) the breadth of discovery and the burden of responding to it; and 3) the risk of unfair prejudice to the party opposing the stay." *Kanowitz v. Broadridge Fin. Solutions Inc.*, No. 13 CV 649, 2014 LEXIS 46518 at *15-16 (E.D.N.Y. Mar. 31, 2014).  Here, good cause exists to stay discovery because: (1) BlueTriton has made a strong showing that Plaintiff's claim lacks merit; (2) the potential extent of discovery and burden on BlueTriton is significant; and (3) there is no prejudice to Plaintiff.

---

[1] Counsel for BlueTriton and counsel for Plaintiff held a teleconference on June 17, 2022. Plaintiff noted that he would not agree to stay discovery and that he intended to move discovery forward. Counsel for Defendant noted that we would confer with our client and respond with our position on discovery.

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Detroit Metro ▪ Greenville
Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis ▪ Mexico City (Mexico) ▪ Miami ▪ Milwaukee ▪ Minneapolis
Morristown ▪ Nashville ▪ New Orleans ▪ New York City ▪ Oklahoma City ▪ Orange County ▪ Paris (France) ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland ▪ Raleigh ▪ Richmond
St. Louis ▪ St. Thomas ▪ Sacramento ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Seattle ▪ Stamford ▪ Tampa ▪ Toronto (Canada) ▪ Torrance ▪ Tucson ▪ Washington

### 1. BlueTriton Has Made a Strong Showing That Its Motion to Dismiss Is Supported by Law

BlueTriton has moved pursuant to Fed. R. Civ. P. 12(b)(1) and (6) to dismiss this lawsuit in its entirety and has raised multiple arguments on the law as to why the Complaint should be dismissed – any one of which would be sufficient on its own to require dismissal of Plaintiff's claims against BlueTriton. *See Chrysler Capital Corp. v. Century Power Corp.,* 137 F.R.D. 209, 210-11 (S.D.N.Y. 1991). Thus, this Court should stay discovery, as BlueTriton has made a strong showing that Plaintiff's claims lack merit.

As set forth more fully in its Motion, which is hereby incorporated by reference, Plaintiff (and the vast majority of alleged class members) cannot state a claim under § 191 of the NYLL because he was not paid a "wage." Section 191 uses the term "wages" and "salary" to mean different things, demanding this result. Plaintiff has done nothing, other than recite hornbook law involving other sections of Article 6 of the NYLL, to get around the fact that § 191 – the Section at issue here – uses the terms differently. As such, Plaintiff's Complaint will be dismissed in its entirety because there is no cognizable pay frequency claim for a failure to timely pay a salary.

BlueTriton further argues that Plaintiff lacks standing under Article III to bring his claims because he has no injury for which this Court could provide redress. Plaintiff, who admits he was paid in full, is "due" nothing pursuant to § 198(1-a). Thus, his liquidated damages must also be calculated as $0. Plaintiff does not even attempt to address the conclusion that the plain language of § 198(1-a) compels. Without any actual injury for which this Court could provide redress, Plaintiff lacks standing, and his Complaint will be dismissed for lack of subject matter jurisdiction.

Additionally, BlueTriton argues that Plaintiff cannot state either an express or an implied private right of action because *Vega* was wrongly decided. Indeed, a private right of action only exists under § 198(1-a) in instances of "underpayments," not for technical violations of § 191 for which the legislature expressly authorized the Commissioner to issue civil penalties. Absent a private right of action, the Complaint must be dismissed.

Courts regularly grant stays of discovery where the Complaint is challenged on "pure questions of law," as it is here. *See Hachette Distrib., Inc. v. Hudson County News Co.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991) (factors relevant in stay application include whether "the issues before the Court are purely questions of law that are potentially dispositive"). As referenced herein and in BlueTriton's Motion, the Court need nothing other than the language of the relevant statutes and the basic principles of statutory interpretation to find in favor of BlueTriton. As such, BlueTriton has supported its Motion to Dismiss with numerous legal arguments warranting dismissal and requiring a stay of discovery.

### 2. A Stay Will Prevent BlueTriton from Expending Unnecessary Resources

Although BlueTriton's Motion to dismiss is supported by law, a factor that militates heavily in favor of a stay, the Court must also consider the breadth of discovery and the burden of responding to it. *See Ceglia v. Zuckerberg*, No. 10 Civ. 569A(F), 2012 U.S. Dist. LEXIS 85633, at *3 (W.D.N.Y. 2012) ("In finding good cause, a court is required to balance several relevant factors including . . . the burden of the requested discovery on the requested party, i.e., the party seeking the stay.").

Here, Plaintiff would be seeking to engage in merits-based discovery relating to Plaintiff and the purported class members' status as "manual workers." Determining whether Plaintiff and members of the subclasses are in fact "manual workers" is a fact-intensive inquiry that necessitates a "case-by-case determination" and would require discovery into the duties performed by Plaintiff and each individual member of the defined subclasses.[2] In addition to documents and correspondence relating to duties performed, countless depositions of supervisors, class members, and other personnel of BlueTriton would be necessary to take discovery on this issue. This would divert resources away from BlueTriton's business and pose a hardship on its operations. *See United States v. County of Nassau*, 188 F.R.D. 187, 188-89 (E.D.N.Y. 1999) ("[I]t is self-evident that the cost of discovery, coupled with the diversion of employees' time and attention . . . to focus on the retrieval of discovery and to otherwise assist in the pursuit of this litigation, would be an unnecessary expense . . .").

Moreover, Plaintiff would likely seek discovery relating to wages, time records, and attendance data among other documents. Plaintiff purports to bring this action on behalf of thousands of employees. There can be no dispute that assessing and producing payroll and time records, as well as other related documentation for thousands of individuals over a six-year period will require significant time and expense.[3] *Id.* Given the complex nature of discovery related to thousands of potential class members and the multiple issues that will need to be explored, it is evident that the burden on BlueTriton would be substantial if forced to engage in onerous and potentially unnecessary discovery. Thus, a stay is warranted under these circumstances.

### 3. Plaintiff Is Not Prejudiced By a Stay of Discovery

Plaintiff will suffer no prejudice if the stay is granted. As an initial matter, Plaintiff seeks alleged monetary damages, not equitable relief for which a more expeditious result would typically be required. *See Buffalo Emergency Assocs., LLP v. UnitedHealth Grp., Inc*., 19-CV-1148S, 2020 U.S. Dist. LEXIS 104828 (W.D.N.Y. June 16, 2020). Moreover, this case is at the earliest stages of litigation and no discovery has taken place. If the Complaint stands after the Motion is decided, Plaintiff can simply take discovery at that point. *See Giminez v. Law Offices of Hoffman & Ho*, CV 12-0669, 2012 U.S. Dist. LEXIS 96168 (E.D.N.Y. July 11, 2012) (staying discovery where the action was in its "infancy"). Thus, the weight of the equities weighs strongly in favor of a stay.

For the foregoing reasons, BlueTriton respectfully requests an informal conference regarding BlueTriton's motion to stay of discovery until the Court issues its ruling on BlueTriton's Motion to Dismiss [Dkt. Nos. 19-20]. Thank you for Your Honor's consideration of this request.

---

[2] *See* N.Y. Dep't of Labor Counsel Opinion Letter RO-09-0066, May 21, 2009. Indeed, the mere description of an employee as having a particular job title is not sufficient for a determination that such employee is a manual worker. *See* N.Y. Dep't of Labor Counsel Opinion Letter, RO-08-0061, December 4, 2008.

[3] If the Court allows Plaintiff's claim to proceed, but grants BlueTriton's request to adopt Plaintiff's concession that he is only "due" the lost time value of money as "injury" for the alleged late week of wages, the scope of discovery would be severely limited. There is no question that requiring BlueTriton to engage in broad discovery efforts prior to the Court's decision on its Motion and clarification as to the appropriate measure of damages would be prejudicial.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.


By:/s Kelly M. Cardin
      Kelly M. Cardin


Defendant's motion is DENIED because Defendant has failed to demonstrate good cause to stay discovery, substantially for the reasons stated by Judge Liman in *Elhassa v. Hallmark Aviation Servs., L.P.*, No. 21-CV-9768 (LJL), 2022 WL 563264 (S.D.N.Y. Feb. 24, 2022).  The initial pretrial conference is RESCHEDULED for **July 28, 2022, at 4:00 p.m.** in Courtroom 1105 of the Thurgood Marshall Courthouse, 40 Centre Street, New York, New York.  In accordance with Paragraph 2.D of the Court's Individual Rules and Practices, the parties are hereby ORDERED to file on ECF a joint letter as well as a proposed Civil Case Management Plan and Scheduling Order attached as an exhibit to the joint letter, no later than Thursday of the week prior to the initial pretrial conference, as stated in the Court's March 17, 2022 Order, *see* ECF No. 7.  The Clerk of Court is directed to terminate ECF No. 25.  SO ORDERED.

June 27, 2022