# Ogletree Deakins

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*Attorneys at Law*

599 Lexington Avenue, 17th Floor
New York, New York 10022
Telephone: 212.492.2500
Facsimile:   212.492.2501
www.ogletreedeakins.com

Kelly M. Cardin
212.492.2067
kelly.cardin@ogletree.com

July 1, 2022

**VIA ECF**
The Honorable Jesse M. Furman
U.S. District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

   RE:       *Phil Gordon v. BlueTriton Brands, Inc.*
                Case No. 1:22-cv-02138

Dear Judge Furman:

We represent BlueTriton Brands, Inc. in the above-referenced action. In accordance with Local Civil Rule 6.3,[1] we respectfully write to seek reconsideration[2] of Your Honor's Order, dated June 27, 2022, denying BlueTriton's motion to stay discovery pending resolution of its Motion to Dismiss.[3]

The Court's Text Order denied BlueTriton's Motion to Stay "substantially for the reasons stated by Judge Liman in *Elhassa*"[4], however, there are key differences between *Elhassa* and the instant matter. Preliminarily, the defendant in *Elhassa* sought to stay discovery in connection with its partial motion to dismiss, whereas BlueTriton's Motion to Dismiss, if granted, would dispose of the entire case. Moreover, the arguments BlueTriton advanced in its Motion to Dismiss are distinct from those in *Elhassa*. Unlike the defendant in *Elhassa*, BlueTriton argues:

- Section 191 of the New York Labor Law ("NYLL") does not apply to Plaintiff because he was paid a "salary," not hourly wages (salary was not an issue in *Elhassa*); and

- Plaintiff lacks standing because he is "due" nothing and pursuant to the plain language of § 198(1-a), his liquidated damages must be calculated as 100% of $0.

Given these key differences, and the potential scope of discovery at issue, BlueTriton respectfully requests that the Court reconsider and find that discovery should be stayed pending

---

[1] To the extent the Court prefers a formal notice of motion with supporting memorandum, BlueTriton respectfully requests this letter be treated as a request to file such a motion.
[2] Reconsideration is warranted where a decision overlooked controlling factual matters and law. *See Scarsdale Cent. Serv. v. Cumberland Farms, Inc.*, No. 13-CV-8730, 2014 U.S. Dist. LEXIS 86552 (S.D.N.Y. June 24, 2014).
[3] Dkt. No. 27.
[4] *Elhassa v. Hallmark Aviation Servs.. L.P.*, No. 21-CV-9768, 2022 WL 563264 (S.D.N.Y. Feb. 24, 2022).

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Detroit Metro ▪ Greenville
Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis ▪ Mexico City (Mexico) ▪ Miami ▪ Milwaukee ▪ Minneapolis
Morristown ▪ Nashville ▪ New Orleans ▪ New York City ▪ Oklahoma City ▪ Orange County ▪ Paris (France) ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland ▪ Raleigh ▪ Richmond
St. Louis ▪ St. Thomas ▪ Sacramento ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Seattle ▪ Stamford ▪ Tampa ▪ Toronto (Canada) ▪ Torrance ▪ Tucson ▪ Washington

Honorable Jesse M. Furman
July 1, 2022
Page 2

resolution of BlueTriton's Motion to Dismiss. Thank you for Your Honor's consideration of this request.

    Sincerely,

    OGLETREE, DEAKINS, NASH,
     SMOAK & STEWART, P.C.

    By /s Kelly M. Cardin
       Kelly M. Cardin

As Defendant presents no valid grounds for reconsideration, Defendant's the motion is hereby DENIED. *See, e.g.*, *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) ("It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.  Rather, the standard for granting a . . . motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." (internal quotation marks, citations, ellipsis, and alterations omitted)).  The Clerk of Court is directed to terminate ECF No. 28.  SO ORDERED.

July 5, 2022